284 So.2d 493 (1973)
Jose REYES and Alice Reyes, His Wife, Appellants,
v.
Guadalupe PEREZ et al., Appellees.
No. 73-244.
District Court of Appeal of Florida, Fourth District.
October 19, 1973.
*494 George C. Kelley, III, Apopka, for appellants.
Jon S. Rosenberg, Orlando, for appellee Perez.
Johnie A. McLeod, Apopka, for appellees Burch.
WALDEN, Judge.
The trial court entered summary judgment which established an easement of ingress and egress. It connected a theretofore inaccessible parcel of land with a roadway. It lay across an intervening parcel belonging to others and such parcel was thereby burdened with the easement. Its aggrieved owners appeal. While we approve of the procedural vehicle of summary judgment (this was not challenged), we feel that the trial court erred in its choice of route and underlying servient estate.
In the beginning, the Burches owned all of the land involved and in question. In 1961 they conveyed a parcel which bordered a roadway to the Reyes. In 1965 the Burches conveyed an adjoining parcel which lacked road access to Perez. Thus, the problem.[1]
The relative locations, dimensions and indeed the problem are reflected in this sketch:

Perez complained asking for an easement to a roadway, either north over the Reyes' property or east over the Burches' property. The trial court chose the northern *495 route over the Reyes' property and the easement was defined as being ten feet wide and two hundred thirty-five feet long.
Essential to a determination of this issue is an understanding and application of Section 704.01(1), (2), F.S. 1971, F.S.A.:
"704.01 Common law, statutory easements defined and determined
"(1) Implied grant of way of necessity.  The common law rule of an implied grant of a way of necessity is hereby recognized, specifically adopted and clarified. Such an implied grant exists where a person has heretofore or hereafter grants lands to which there is no accessible right-of-way except over his land, ... In such instances a right-of-way is presumed to have been granted or reserved. Such an implied grant or easement in lands or estates exists where there is no other reasonable and practicable way of egress or ingress and same is reasonably necessary for the beneficial use or enjoyment of the part granted or reserved. An implied grant arises only where a unity of title exists from a common source... .
"(2) Statutory way of necessity exclusive of common law right.  Based on public policy, convenience and necessity, a statutory way of necessity exclusive of any common law right exists when any land or portion thereof outside any municipality which is being used or desired to be used as a dwelling or for agricultural or for timber raising or cutting or stockraising purposes shall be shut off or hemmed in by lands, fencing or other improvements of other persons so that no practicable route of egress or ingress shall be available therefrom to the nearest practicable public or private road... ."
As seen, the statute recognizes two kinds of easements and for simplicity we shall refer to section (1) of the statute as providing a common law easement and section (2) of the statute as providing a statutory easement.
It is our fundamental outset reasoning, gained from the terms of the statute, that the two sections must be considered serially and that the existence of a common law easement as described in section (1) bars the establishment of a statutory easement under section (2). It is our view that the legislature in its wisdom provided for a statutory way of necessity to be applied where land would not qualify for the common law right. See Stein v. Darby, Fla.App. 1961, 126 So.2d 313, cert. den., 134 So.2d 232; 1 Fla. Real Property Practice § 12.8 (2d ed. 1971); 1 Boyer, Real Estate Transactions § 23.03(e).
As we view it, the common law easement comes into being by implication at the very time the grantor conveys a parcel which is inaccessible except over such grantor's lands. Such was the case here and we hold that, when the Burches conveyed to Perez, there was created by implication a common law easement from the Perez' property east over the Burches' property to the roadway.
Thus, Perez already having the common law implied way of necessity at the time he filed suit could not qualify for a statutory easement. He could not say, as mentioned in section (2), that his parcel was shut off or hemmed in by lands so that he had no practicable route of egress and ingress. We are further persuaded in this reasoning by the qualifier clause found in the title and body of section (2), "exclusive of the common law right." Basically we agree with the exposition found in 2 Thompson on Real Property § 362, pp. 413-415 (1961):
"A way of necessity arises when one grants a parcel of land surrounded by his other land, or when the grantee has no access to it except over grantor's other *496 land or land of a stranger. In such cases, grantor impliedly grants a right-of-way over his land as incident to purchaser's occupation and enjoyment of the grant ... If the land conveyed is shut off or entirely surrounded partly by the grantor's other land and partly by a stranger's land, the way of necessity arises over the adjoining land of the grantor. The fact that another shorter or better way may exist over the land of a stranger in order to reach a public road or street will not destroy the easement or require the person entitled thereto to acquire a new way from the stranger by paying him compensation under the method provided by the constitution and statutes. Such way arises from an implication of law, from the principle that where anything is granted the means to attain it are granted."
Furthermore, we notice from the statute that there are considerations of public policy, convenience and necessity. From the broad overview we feel that the Burches created this problem in the conveyance of this inaccessible parcel to Perez; that Reyes is innocent as concerns the problem and, thus, all things being equal, it is our judgment that the law will imply and presume under the facts of this case that the Burches granted to Perez a way to travel to and from his land and that this burden should not be visited on the Reyes.
We reverse and remand with respectful instructions to declare, locate, define, and adjudge a grant of way of necessity for the Perez' property through the Burches' property per Section 704.01(1), F.S. 1971,[2] F.S.A.
Reversed and remanded.
OWEN, C.J., and DOWNEY, J., concur.
NOTES
[1] It is immaterial that the Reyes permitted Perez to travel across their land for a while because the circumstances were not such as to create a legal right of ingress and egress and it is not suggested otherwise.
[2] It is noted that the Burches are not entitled to compensation by reason of the establishment of such easement for that, as stated, it is of common law origin and hence does not qualify under Section 704.04, F.S. 1971, F.S.A. For historical background see Stein v. Darby, Fla.App. 1961, 126 So.2d 313; 1 Fla. Real Property Practice § 12.8 (2d ed. 1971).