ROBERT P. SMITH, Jr., Judge.
Ganey appeals from an order dismissing his action with prejudice for repeated failure to state a cause of action to establish a statutory way of necessity over the lands of Byrd. Section 704.01(2), Florida Statutes (1979). A statutory way may be declared only if no other access exists by common law implication, Section 704.01(1), or by expressed grant. Appellant’s contract for deed with another neighbor, Shelby, secures appellant an equitable interest in the access easement expressly granted by the contract. By virtue of the same contract, appellant likewise has an equitable interest in the lands surrounding his dwelling, to be conveyed by Shelby; and for that reason, were there no expressed grant of easement, appellant would enjoy an implied way of necessity over the lands of Shelby. Appellant therefore has no cause of action for a statutory way of necessity. Reyes v. Perez, 284 So.2d 493 (Fla. 4th DCA 1973); Miami Bond & Mortgage Co. v. Bell, 101 Fla. 1291, 133 So. 547 (1931); Mid-State Investment Corp. v. O’Steen, 133 So.2d 455 (Fla. 1st DCA 1961), cert. den., 136 So.2d 349 (Fla.1961).
AFFIRMED.
BOOTH and SHAW, JJ., concur.