431 So.2d 1021 (1983)
FOX INVESTMENTS, a Partnership, Appellant,
v.
A.J. THOMAS and Viola Thomas, His Wife, Appellees.
No. 82-1079.
District Court of Appeal of Florida, Second District.
April 13, 1983.
Rehearing Denied May 19, 1983.
*1022 M. David Alexander, III, and Kerry M. Wilson of Holland & Knight, Bartow, for appellant.
Samuel G. Crosby of Miller & Sweat, Lakeland, for appellees.
DANAHY, Judge.
This dispute involves a configuration of separately owned land parcels as reflected in the following sketch:

The appellant owns the Fox property and the appellees own the Thomas property. In this action the appellant sought a statutory easement across the Thomas property pursuant to section 704.01(2), Florida Statutes (1981). The trial judge rendered a final summary judgment adverse to the appellant on the authority of Reyes v. Perez, 284 So.2d 493 (Fla. 4th DCA 1973). The Reyes decision stands for the proposition that the existence of a common law easement as described in section 704.01(1) bars the establishment of a statutory easement under section 704.01(2). The trial judge tacitly found that the appellant's property enjoys a common law easement of necessity across the Fussell property; he ruled, therefore, that the appellant is not entitled to a statutory easement over the Thomas property. We reverse because, in our view, any common law easement across the Fussell property for the benefit of the Fox property terminated prior to the time the present action was initiated.
At one time L.W. Fussell owned both the Fussell and the Fox properties. Upon his death in 1951, the Fox property devolved to Mr. Fussell's wife and the Fussell property to Mr. Fussell's sons. We agree that the separation of these parcels gave rise to a common law easement of necessity across the Fussell property for the benefit of the Fox property. Later, however, the appellants' grantor (Morris Fox) acquired title to the Thomas property and shortly thereafter also acquired title to the Fox property. Thus, while he owned both the Fox property and the Thomas property, Morris Fox could use and did use the Thomas property as a means of reaching Deen Still Road from the Fox property. The appellant argues that under these circumstances, any common law way of necessity across the Fussell property to State Road 33 terminated. We agree.
Apparently no Florida court has addressed the proposition of law involved here, but we find it to be well settled in other jurisdictions. E.g., Thornton v. McLeary, 161 Miss. 697, 137 So. 785 (1931) (involving a similar fact situation). Thus it is said that easements created by necessity have an implied purpose to make possible the utilization of the dominant land, and such easements expire as soon as the necessity disappears. 3 Powell on Real Property ¶ 422. The right to a way of necessity expires when the claimant acquires another practicable outlet to a highway because a right of way of necessity arises from necessity alone and continues only while a necessity exists. 2 Thompson, The Modern Law of Real Property § 368 (1980).
Accordingly, we hold that the appellant's quest for a statutory easement across *1023 the appellees' property is not barred by the existence of a common law way across the Fussell property, since any such easement terminated prior to this action.
REVERSED and REMANDED for further proceedings consistent with this opinion.
OTT, C.J., and SCHEB, J., concur.