472 So.2d 544 (1985)
Christopher SAPP, Appellant,
v.
GENERAL DEVELOPMENT CORPORATION, a Delaware Corporation, Appellee.
No. 84-2342.
District Court of Appeal of Florida, Second District.
July 3, 1985.
*545 William L. Blackwell of Blackwell & Beal, P.A., Naples, for appellant.
Jesus M. Hevia of Wotitzky, Wotitzky, Wilkins, Frohlich & Jones, Punta Gorda, for appellee.
GRIMES, Judge.
This is an appeal from a summary judgment entered against a claim for a prescriptive easement.
Appellant, Christopher Sapp, filed suit for the declaration of a prescriptive easement over the property of appellee, General Development Corporation. He also sought an injunction and damages. The complaint alleged in part that: (1) Sapp owns a parcel of real property which is completely surrounded by General Development's property; (2) Sapp's only access to his property is by a dirt road which crosses General Development's property; (3) Sapp and his predecessors in title have made continuous uninterrupted use of this roadway for over twenty years; (4) on April 12, 1984, General Development began tearing up the road, rendering it unusable to Sapp; (5) General Development began hauling away fill dirt which Sapp had previously placed on the roadway; and (6) by virtue of General Development's conduct in blocking access to Sapp's property, Sapp was prevented from irrigating and caring for a grapefruit grove located thereon. As one of its affirmative defenses, General Development contended that because Sapp either had a common law or statutory way of necessity across its property, he could not claim a prescriptive easement. The court ultimately entered a summary judgment for General Development on this premise.
Where a grantor conveyed land to which there was no access except over the remaining land of the grantor, the common law presumed that the parties intended for the grantee to have an access easement over the land of the grantor. Dixon v. Feaster, 448 So.2d 554 (Fla. 5th DCA 1984). This implied grant of a way of necessity has been codified as section 704.01(1), Florida Statutes (1983). The legislature also provided a statutory way of necessity to enable the owner of landlocked property to have access across his neighbor's land when title to both properties is not deraigned from a common grantor. § 704.01(2), Fla. Stat. (1983). The servient owner is entitled to compensation for a statutory way of necessity. § 704.04, Fla. Stat. (1983).
One of the requirements of obtaining an easement by prescription is twenty years of adverse use by the dominant owner without permission of the servient owner. Crigger v. Florida Power Corp., 436 So.2d 937 (Fla. 5th DCA 1983). The inconsistency between a prescriptive use and a *546 common law way of necessity is evident because the latter is based on the presumption of an implied grant. The contradiction with respect to a statutory way of necessity is not quite so clear.
General Development relies upon this court's decision in Hanna v. Means, 319 So.2d 61 (Fla. 2d DCA 1975). In that case the Meanses filed suit claiming alternatively either a common law way of necessity or an easement by prescription over the Hannas' lands. The court denied both claims but held that the Meanses had a statutory way of necessity. On appeal, the court first rejected the Hannas' contention that the Meanses were not entitled to a statutory way of necessity because a more reasonable way of access existed over another owner's property. The court then considered the Meanses' cross-appeal in which they urged that the trial judge should have granted them a prescriptive right of way across the Hannas' lands. This court reasoned that the Meanses were not entitled to a prescriptive easement because they had failed to prove an adverse claim of right. However, the court went on to say:
Apart from that issue, however, we can dispose of appellees' contention ... as a matter of law, simply under the well-settled rule that a prescriptive right never accrues in a way of necessity so long as the necessity continues... .
319 So.2d at 63-64 (footnote omitted).
Sapp correctly points out that on this record, General Development did not prove that title to both properties was deraigned from a common source. Sapp then seeks to limit the quoted statement from Hanna v. Means to the case of a common law way of necessity by arguing that a person is not entitled to a statutory way of necessity until the court determines its existence. However, the statute belies his position. Section 704.01(2) provides that "a statutory way of necessity ... exists when any land ... shall be shut off or hemmed in ... so that no practical route of egress or ingress shall be available therefrom to the nearest practicable public or private road." (Emphasis added.) The landlocked owner "may use and maintain an easement ... over and upon the lands which lie between said shut-off or hemmed-in lands and such public or private road by means of the nearest practical route." Moreover, "the use thereof ... shall not constitute a trespass; nor shall a party thus using the same be liable in damages for the use thereof; provided that such easement shall be used only in an orderly and proper manner."
In order to obtain an easement by prescription, the use must be such that the owner has a legal right to prevent it through an action for trespass or ejectment. Downing v. Bird, 100 So.2d 57 (Fla. 1958). Yet, under section 704.01(2), the servient owner cannot establish a claim of trespass against the dominant owner. Assuming the use is not unreasonable, the only recourse available to the servient owner is to seek compensation under section 704.04. At this point, a lawsuit is filed, and the court is then called upon to determine "all questions including the type, extent and location of the easement and the amount of compensation." That portion of section 704.04 which provides that "[t]he easement shall date from the time the award is paid" refers only to the court-ordered easement rather than to the statutory way of necessity which existed all of the time.
In practical terms, a landlocked owner always has either a common law way of necessity or a statutory way of necessity, depending upon the status of his title, even though the precise location may not be known. At such time as he commences using a way of access across adjoining property, the location becomes presumptively established, subject always to a redetermination by the court upon a contention of unreasonable use. Consequently, the use under either a common law or statutory way of necessity is not adverse and cannot form the basis of a claim for a prescriptive easement.[1]
*547 We recognize that this court in both Anderson v. Toole, 329 So.2d 33 (Fla. 2d DCA 1976), and Baya v. Central & Southern Florida Flood Control District, 166 So.2d 846 (Fla. 2d DCA 1964), appeared to treat prescriptive easements as alternatives to ways of necessity. However, there was no issue raised in either case with respect to whether a landowner with a way of necessity has the right to claim a prescriptive easement.
By virtue of having demonstrated that his property was landlocked, Sapp established that he had a way of necessity. Therefore, he was not entitled to claim a prescriptive easement. We do find, however, that he may have a cause of action for injunctive relief[2] or damages. As we interpret section 704.04, a servient owner cannot arbitrarily block the use of a statutory way of necessity. He can, of course, register an objection to the further uncompensated use of the way. If the parties cannot agree upon appropriate compensation, either of them may obtain a determination by the court. Since General Development has not refuted Sapp's contention that it closed the road and effectively denied access to Sapp, the court should have considered Sapp's claim for an injunction and damages.
We affirm the court's determination that Sapp cannot obtain a prescriptive easement. We reverse the summary judgment insofar as it precludes Sapp from attempting to prove his right to an injunction and damages and remand for further proceedings.
RYDER, C.J., and SCHEB, J., concur.
NOTES
[1] A different case might be presented if the landlocked owner were seeking a second route across adjoining property.
[2] The claim for injunction may now be moot because the record suggests that another means of access became available to Sapp after this lawsuit was filed. See Jonita, Inc. v. Lewis, 368 So.2d 114 (Fla. 1st DCA 1979).