DOWNEY, Judge.
Appellant sued appellee seeking a declaratory judgment to determine whether appellant had an easement of necessity across appellee’s property.
At one time Irene Youngs, the grantor, owned all of the property in question. A diagram of the property is furnished in the margin.[1] Approximately thirty-five years *1346 ago she conveyed the northern half of her property to John and Mabel Noll, the brother and sister-in-law of appellant. In April, 1956, she conveyed the west one-half of the south one-half of her property to appellant, retaining the east one-half of the south one-half for her residence. The parcel retained as Youngs’ residence fronts on Gulf-stream Road. At the time of the conveyance appellant’s parcel was bound on the south by property owned by a Martin Kaufman, on the north by the brother’s property, on the east by the Youngs’ property, and on the west by a parcel owned by unidentified persons. In 1977, Youngs conveyed her property to appellee.
Appellant testified that he had purchased his parcel in 1956. He further testified that he used both his brother’s and appel-lee’s property for purposes of ingress and egress from Gulfstream Road to his parcel. The brother’s driveway also provided access for any motor vehicle visiting appellant, although appellee’s drive was used occasionally.
The trial court determined that “[t]here are other reasonable accesses to the property of the Plaintiff and therefore the element of necessity is absent and the Plaintiff in this instance would not have an option of election between several remedies for persons to exercise the easement of right of way.” Accordingly, the trial court entered summary judgment for the defendant-appellee, Plosky. The record reveals that the trial court’s statement that “[tjhere are other reasonable accesses to the property of the Plaintiff” refers only to appellant's access through his brother’s property. Appellant contends that, instead of summary judgment for Plosky, the court should have entered a partial summary judgment for appellant, finding that he was entitled to a way of necessity over Plosky’s property.
We believe the answer to the question presented here is to be found in Reyes v. Perez, 284 So.2d 493 (Fla. 4th DCA 1973). In that case the Burches at one time owned all of the land in question. In 1961 the Burches conveyed an adjoining parcel that lacked road access to Perez. Perez filed suit for an easement to a roadway, either north over the Reyes’ property or east over the Burches’ property. The trial court chose a route over the Reyes’ property and entered summary judgment establishing an easement of ingress and egress. This court reversed stating “[wjhile we approve of the procedural vehicle of summary judgment, we feel that the trial court erred in its choice of route and underlying servient estate.” Id. at 494. This court noted in a footnote that it was immaterial that the Reyes permitted Perez to travel across their land for a while because the circumstances were not such as to create a legal right of ingress and egress and further stated:
As we view it, the common law easement comes into being by implication at the very time the grantor conveys a parcel which is inaccessible except over such grantor’s lands. Such was the case here and we hold that, when the Burches conveyed to Perez, there was created by implication a common law easement from the Perez’ property east over the Burch-es’ property to the roadway.
Thus, Perez already having the common law implied way of necessity at the time he filed suit could not qualify for a statutory easement.
Id. at 494-495.
Appellee finds some comfort in the fact that appellant used his relatives’ property over the years for ingress and egress. However, we reject that argument. Appellant’s rights in and to an easement for ingress and egress came into being at the time appellant took title to the landlocked parcel, just as did Perez’ rights in the Reyes case. Furthermore, appellant acquired no title or legal right in his relatives’ property by his use thereof under the circumstances of this case.
Appellee also contends that appellant was not entitled to partial summary judg *1347 ment because of appellee’s affirmative defenses. However, a review of the record reveals that at the hearing on the motion for summary judgment, appellant demonstrated the legal insufficiency of each and every affirmative defense asserted by ap-pellee.
Accordingly, the final summary judgment and order taxing costs entered in favor of appellee and order denying appellant’s motion for partial summary judgment is reversed and the cause remanded with instructions to enter a partial summary judgment in favor of appellant and to proceed to determine the location and dimensions of the easement to which appellant is entitled.
REVERSED AND REMANDED with directions.
LETTS and DELL, JJ., concur.

.
[[Image here]]