PER CURIAM.
Plaintiffs, appellee Clements and other landowners (hereafter Clements), brought this action to establish an easement across property owned by the defendant, appellant Lykes Bros., Inc. (hereafter Lykes). The trial judge found that an implied easement of necessity, section 704.01(1), Florida Statutes (1985), did arise in plaintiffs’ favor over defendant’s land, and a permanent injunction was entered restraining defendant from interfering with plaintiffs’ use of the easement. We affirm.
*1303 All parties to this action are remote sue-cessors in title to Consolidated Naval Stores Company, which in 1936 was the owner of a vast tract of land in Highlands County. The tract had two entrances from public roads — on the west, State Road 17, and on the north, State Road 66.
[[Image here]]
Josephine Creek runs the entire width of the property in a generally northeast direction. In 1936 Consolidated Naval Stores conveyed to Clements a portion of this tract, most of which lay south of Josephine Creek. (See Clements I.) The property did not have access to either State Road 17 or State Road 66. The trial judge found that an easement by implied grant arose at that time and continued to date giving Clements access to State Road 17 over property now owned by defendant Lykes. Three months later, in 1937, Consolidated Naval Stores conveyed to Clements property contiguous to that involved in the first conveyance. (See Clements II.) This conveyance included land that abutted Elliot Road that connected to State Road 66 in the north. Lykes contends that Clements developed the property from this northern entrance and built a private road running from Elliot Road toward a ford across Josephine Creek thereby connecting, to some extent, Clements’ property on both sides of the creek. The appellees, on the other hand, dispute that any ford has been developed across *1304 the creek. But Lykes argues that the second conveyance combined the two tracts north and south of the creek into one tract with access to the north by State Road 66. This combination of the parcels, Lykes contends, acted to extinguish any easement over what was to become Lykes’ property relying on this court’s opinion in Fox Investments v. Thomas, 431 So.2d 1021 (Fla. 2d DCA 1983). In Fox, we held that an easement of necessity is extinguished when the dominant estate is combined with property that has access to a public road. In 1944 Lykes purchased land to the west of Clements’ property abutting State Road 17.
For the greater part of its length, Josephine Creek is roughly forty feet from side to side. Near its mouth, however, at the eastern end of Clements’ property, the slope of the land leading to the creek becomes shallow and the creek has no true bank and can sometimes be forded by at least four wheel drive or amphibious vehicles during the dry season. For thirty to sixty days during the flood season, the creek extends up to 100 yards on each side beyond its normal width. The alleged ford is located on this spot. The testimony at trial indicated the, depth of the creek varied from three to eight feet. Testimony from a county engineer, a witness for Clements, who viewed the ford established that the water level there was approximately three feet in mid-July.
The trial judge concluded that the reason for the easement is the continuing presence of Josephine Creek, which makes egress from plaintiffs’ lands south of the creek impracticable. Section 704.01(1), Florida Statutes (1985), states that “an implied grant exists where a person has heretofore granted ... lands to which there is no accessible right of way except over his land_ Such an implied grant ... exists where there is no ... practicable way of egress_” Section 704.03, Florida Statutes (1985), defines the word “practicable” as meaning without the use of a bridge. Since a bridge is required by some vehicles to traverse Josephine Creek, the trial court concluded that a right of way exists over Lykes’ property to this date.
On appeal, Lykes argues that any easement that arose in 1936 expired in 1937, when Clements purchased an additional tract of land contiguous to the first that had access to a public road citing to Fox Investments. Lykes also argued that the successors in title to the common law easement, the plaintiffs in this action, have put their land to a more intensive and different use than that contemplated at the time the easement arose, and that it was error for this easement to be extended to this greater and different use citing, inter alia, to Crutchfield v. F.A. Sebring Realty Co., 69 So.2d 328 (Fla.1954). We agree with the trial judge that an easement does exist in favor of the plaintiffs but for the reasons stated in section II of this opinion, we do not reach appellant’s second point on appeal.
I.
Lykes contends that the principle in the Fox case bars recognition of the continuance of a way of necessity over Lykes’ property. We disagree. This court stated in the Fox case, that the “right to a way of necessity expires when the claimant acquires another practicable outlet to a highway because a right of way of necessity arises from necessity alone and continues only while a necessity exists.” Fox at 1022. The trial court found that the land south of Josephine Creek was without accessible right of way except over Lykes' property and that this necessity continues to this day. Consequently, our decision in this case is not in conflict with Fox because Clements never acquired a practicable outlet to a highway except over Lykes’ land. See sections 704.01(1) and 704.03, Florida Statutes (1985).
Lykes does not argue that the trial court’s decision is unsupported by the evidence. Rather, Lykes argues that it was error to consider Josephine Creek as an obstacle because it lies within Clements’ property, and not at the boundary of the property. Lykes cites to cases from other jurisdictions dealing with the right of prop *1305 erty owners to gam access to parts of their property or to public roads over an easement on a neighbor’s lands. We submit that these cases were decided under either other states’ statutes unlike Florida’s section 704.01(1) or the common law principle that a way of necessity exists only so long as a strict necessity for the easement exists. But, in this case, section 704.03 governs whether a necessity exists, and, here the evidence clearly supports the result reached by the trial court.
Lykes additionally argues that the ford across Josephine Creek was sufficient to support all of the traffic generated by Clements’ lands in 1937, and it is Clements’ use of his property at that time that determines whether Clements has adequate access to his property or whether an easement arose across Lykes’ property. An intensified use of Clements’ property, Lykes argues, generating traffic not capable of using the ford is not a valid basis to find that a way of necessity exists for this new and greater traffic, relying on Dixon v. Feaster, 448 So.2d 554 (Fla. 5th DCA 1984).
This argument contradicts the factual finding of the trial court that an easement did arise in plaintiff’s favor in 1936 and Lykes’ acknowledgment elsewhere in its brief that such was the case. Based on our review of the record, we can find no basis to conclude that Clements had adequate access to his lands in 1936 except over what was to become Lykes’ property. Whether this easement continues for the benefit of different or greater use of the dominant estate is addressed in section II.
II.
Lykes’ second point on appeal is that the easement, if one arose, has been put imper-missibly to more intensive and different uses than originally contemplated and that the trial court erred in allowing this increased and different use of the easement to continue.
Clements, in recent years, has sold portions of his estate to parties who are now co-plaintiffs in this action. It is not entirely clear from the record, but it appears that at least one of these co-plaintiffs has begun commercial citrus operations on his property and another, Florida Citrus Nursery, apparently intends to open a citrus nursery on the property. Lykes asserts that this represents a change in the nature of the use of the easement that is not permitted by law under the holding of Crutch-field (the burden of a right-of-way on a servient estate may not be increased to a greater extent than reasonably necessary and contemplated at the time of the creation of the easement).
While we do not disagree with the statement of the law as found in Crutch-field, we do disagree with the appellant that this proposition of law requires us to reverse the trial court’s final judgment. While Crutchfield may be relevant to the circumstances of this case, it would be premature for this court to consider an issue not fully litigated at trial. This issue was not raised in defendant’s answer, was not included among issues of law to be decided at trial as established in the pretrial stipulation and was not mentioned in defendant’s closing argument.
The issue was raised by Lykes only in conclusory terms in motions opposing a motion for a temporary restraining order filed by Clements, but we do not have the benefit of the transcript of the hearing in which this motion was denied, and the denial of that motion has not been made a part of this appeal.
During defendant’s presentation at trial, evidence regarding the threat of citrus canker infestation was presented by an employee of Lykes who is an agricultural scientist. He also testified that traffic generated by a citrus nursery would be several times greater than that produced by the operation of a citrus grove. When plaintiffs’ counsel objected to all of this testimony on the basis of relevance, Lykes’ attorney explained that it was relevant because if the trial court found that the plaintiffs were landlocked but not qualified for an implied easement [704.01(1) ] but rather en *1306 titled to a compensable statutory easement [704.01(2)] then a route for such an easement would be set by the court on the basis of many factors. One of the factors involved in setting such a route, argued appellant’s attorney, would be the danger of the spread of citrus canker to a mature grove from a citrus nursery. And so this evidence was not introduced to demonstrate a violation of the principle enunciated in Crutchfield. Rather, the evidence was introduced in the event the trial court found that plaintiffs were entitled to a statutory easement under section 704.01(2), which it did not.
It is a well-accepted and established principle that matters not litigated at trial will not be considered or reviewed by an appellate court.
Affirmed.
DANAHY, C.J., SCHEB, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.