HALL, Judge.
Appellants Bill and Nancy Ford appeal a final order denying them attorney’s fees under section 57.105, Florida Statutes (1985). We reverse.
Appellees James and Jacqueline Miller instituted this action by filing a complaint to extinguish an easement of ingress and egress over their property (parcel 1). The Millers had granted the easement to Donna and Robert Dinwoodie, their daughter and son-in-law, as part of the sale to them of a contiguous parcel of property (parcel 2). The Dinwoodies subsequently sold parcel 2 to the Fords and their two sons. Because Nancy Ford owned a parcel of property (parcel 3) between parcel 2 and the nearest public road, the Millers alleged that it was no longer necessary for the Fords to use the easement and that it should therefore be extinguished.
The Fords answered the Millers’ complaint and asserted that it failed to state a cause of action in that it alleged no legal basis for the extinguishment of the easement and it did not refute the fact that the easement had been granted to the Din-woodies and then to the Fords as part of the sale of parcel 2 without any reservations or restrictions. The Fords subsequently filed a motion for summary judgment based essentially on the same assertions. The motion was granted, and the trial court entered final summary judgment in favor of the Fords. The trial court did *465 not grant the Ford’s motion for attorney’s fees under section 57.105, and the Fords thus instituted this appeal.
Section 57.105 provides for the award of attorney’s fees to the prevailing party in a civil action in which the court finds a complete absence of a justiciable issue of either law or fact raised by the losing party. The Fords argue in this appeal that the Millers raised no justiciable issue of law or fact in their cause of action because the only basis they asserted for the extinguishment of the subject easement was the existence of alternative access to parcel 2 and that is not a legal basis for extinguishment of an easement created by express grant. The Millers contend that they did raise a justiciable issue in their cause of action. In support of this contention they cite Fox Investments v. Thomas, 431 So.2d 1021 (Fla. 2d DCA 1983), for the holding that when a common law easement of necessity arises upon the separate ownership of two parcels of property originally under common ownership and the two parcels eventually return to common ownership, the common law easement of necessity then terminates. The Millers state that it was with Fox in mind that they instituted their cause of action pursuant to section 704.04, which statute provides for the filing of an action for determination of whether a statutory way of necessity exists where the owner of the lands over which the way is claimed refuses to allow its use.
Aside from the fact that a common law way or easement of necessity and a statutory way or easement of necessity are different types of implied easements which may not coexist, Reyes v. Perez, 284 So.2d 493 (Fla. 4th DCA 1973), neither type of easement was involved in the Millers’ cause of action. Rather, the Miller’s action sought to extinguish an easement created by express grant without reservation or restriction.[1] Such an easement is permanent and not revocable by the grantor. Russell v. Martin, 88 So.2d 315 (Fla.1956). Thus, the Millers’ action to extinguish the easement presented no justiciable issue of either law or fact and the Fords’ motion for attorney’s fees under section 57.105 should have been granted.
Accordingly, this cause is reversed and remanded with directions that attorney’s fees be determined and awarded to the Fords.
SCHEB, A.C.J., and SANDERLIN, J., concur.

. Easements may be created by express grant, implication or prescription. Jonita v. Lewis, 368 So.2d 114 (Fla. 1st DCA 1979).