510 So.2d 928 (1987)
Eddie L. FAISON, Appellant,
v.
Rebecca SMITH, Appellee.
No. 86-1189.
District Court of Appeal of Florida, Fifth District.
June 18, 1987.
Rehearing Denied August 5, 1987.
Larry T. Griggs, of Bond, Arnett & Phelan, P.A., Ocala, for Appellant.
John Montgomery Greene, Ocala, for appellee.
UPCHURCH, Chief Judge.
This is an appeal from final judgment granting appellee Rebecca Smith, a statutory way of necessity over the land of appellant, Eddie L. Faison.
Smith's complaint alleged that her property was hemmed in, she had no access or reasonable way of egress or ingress, and her land was completely isolated from any county road or street. The complaint also alleged that the action was brought pursuant to section 704.01(2) Florida Statutes. The answer of Faison was essentially a denial. The court noted that Smith had failed to introduce any evidence as to whether or not she was entitled to a common law easement to a public or private road across either Faison's property or any other property. The court found that the existence vel non of a common law easement is an affirmative defense, and not an element of a section 704.01(2) complaint for a statutory way of necessity. The court additionally found that Smith's property was hemmed in and no practicable route of ingress and egress was available. Faison appeals from the judgment granting the easement.
The question presented by this appeal is which party has the burden of proof in an action for a statutory way of necessity to establish that no other express or implied easement exists. Section 704.01 defines common law and statutory easements as follows:
(1) IMPLIED GRANT OF WAY OF NECESSITY.  The common-law rule of an implied grant of a way of necessity is hereby recognized, specifically *929 adopted, and clarified. Such an implied grant exists where a person has heretofore granted or hereafter grants lands to which there is no accessible right-of-way except over his land, or has heretofore retained or hereafter retains land which is inaccessible except over the land which he conveys. In such instances a right-of-way is presumed to have been granted or reserved. Such an implied grant or easement in lands or estates exists where there is no other reasonable and practicable way of egress, or ingress and same is reasonably necessary for the beneficial use or enjoyment of the part granted or reserved. An implied grant arises only where a unity of title exists from a common source other than the original grant from the state or United States; provided, however, that where there is a common source of title subsequent to the original grant from the state or United States, the right of the dominant tenement shall not be terminated if title of either the dominant or servient tenement has been or should be transferred for nonpayment of taxes either by foreclosure, reversion, or otherwise.
(2) STATUTORY WAY OF NECESSITY EXCLUSIVE OF COMMON-LAW RIGHT.  Based on public policy, convenience, and necessity, a statutory way of necessity exclusive of any common-law right exists when any land or portion thereof outside any municipality which is being used or desired to be used as a dwelling or for agricultural or for timber raising or cutting or stockraising purposes shall be shut off or hemmed in by lands, fencing, or other improvements of other persons so that no practicable route of egress or ingress shall be available therefrom to the nearest practicable public or private road. The owner or tenant thereof, or anyone in their behalf, lawfully may use and maintain an easement for persons, vehicles, stock, and electricity and telephone service over and upon the lands which lie between the said shut-off or hemmed-in lands and such public or private road by means of the nearest practical route, considering the use to which said lands are being put; and the use thereof, as aforesaid, shall not constitute a trespass; nor shall the party thus using the same be liable in damages for the use thereof; provided that such easement shall be used only in an orderly and proper manner.
§ 704.01, Fla. Stat. (1985).
In Ganey v. Byrd, 383 So.2d 652 (Fla. 1st DCA 1980), the court held that a statutory way of necessity may be declared only if no other access exists by common law implication under section 704.01(1) or by express grant. In Reyes v. Perez, 284 So.2d 493 (Fla. 4th DCA 1973), the court discussed the two sections of 704.01 and held:
It is our fundamental outset reasoning, gained from the terms of the statute, that the two sections must be considered serially and that the existence of a common law easement as described in section (1) bars the establishment of a statutory easement under section (2). It is our view that the legislature in its wisdom provided for a statutory way of necessity to be applied where land would not qualify for the common law right. (citations omitted).
284 So.2d at 495.
We agree with the reasoning of Reyes. To establish a right to a statutory way of necessity it is necessary that the claimant's lands be "hemmed in by the lands... ..." of other persons. It is necessary that the claimant show as a condition of his claim that he is, in fact, hemmed in and that there is no practicable route of ingress or egress. We therefore conclude that the trial court erred in holding that the burden was on Faison to prove that Smith had a common law right of access.
REVERSED.
ORFINGER and COBB, JJ., concur.