WENTWORTH, Judge.
Appellants seek review of an order denying their cross- and counterclaims for a declaratory judgment to quiet title and establish a way of necessity, and for a mandatory injunction to prohibit water flowage on their property from an adjacent lake. Appellants raise several issues on appeal: 1) whether the court erred in finding a survey performed for the Anderson estate accurately established the boundary between the Anderson and Perkins properties; 2) whether the court erred in denying appellants a prescriptive easement or a statutory way of necessity; 3) whether the court erred in finding that appellants could not claim the disputed property by adverse possession; 4) whether the court erred in finding that a mandatory injunction against water flowage onto appellants’ property is too burdensome to the Anderson estate; and 5) whether the court erred in denying appellants’ motions for new trial, rehearing and to set aside or vacate the final judgment. We find that appellants are entitled to a statutory way of necessity, and reverse on that point. We affirm as to all other issues raised.
In 1984 and 1985, following the death of H.C. Anderson, Ted L. Biddy and Associates, Inc. performed a survey of the Anderson real estate to determine the homestead portion of the property. The Biddy crew located section 31, in which the Perkins and Anderson properties are located, by using field notes of the original United States Government Survey of 1845. The crew located the section corners by monumentation, and then proportionately divided the section into quarters. After locating the boundaries of the Anderson property, the Biddy crew discovered that one of the corners was not marked, and placed a new concrete marker at the cor *1355 ner. The crew also discovered mutual pie-shaped encroachments of the Perkins and Anderson properties, located by a fence marking what was thought to have been the western boundary line of the Perkins property.
Appellants, husband and wife, were conveyed an interest in their property in 1974. They contracted with Apalachee Engineering and Land Surveyors, Inc. to conduct a survey and prepare a legal description of the property for insertion into the deed. An employee of the surveying firm stated that he relied upon a point of beginning located by another survey crew working on a nearby parcel of land the same day his firm surveyed appellants’ land. The Apala-chee survey crew also relied upon Robert Perkins’ representations that the fence at the western edge of his property was the boundary line between his property and the Anderson property. The east and southeast portions of the Perkins property are submerged by a lake that in 1975 spread from the Anderson property across the Perkins and neighboring properties.
Appellants first sought relief from the flooding of their property by the Anderson lake in November 1984, when they filed a claim against the estate, seeking $7,800 in damages for the loss of a timber crop, as well as recovery of the land pursuant to an alleged oral agreement between Robert Perkins and H.C. Anderson. At Anderson’s death in 1984, the alleged agreement had not been reduced to writing. The personal representative of the estate objected to the claim on the ground that he had no knowledge of the oral agreement. Appellants failed to respond to his objection. After Biddy and Associates, Inc. surveyed the Anderson property, a disagreement arose regarding payment for the survey. Biddy filed a mechanics lien, naming appellants, among others, in his action to foreclose the lien, and alleging that appellants claimed an interest in the Anderson property by virtue of their November 1984 action against the estate. Appellants cross- and counterclaimed, naming the personal representative of the estate and Biddy, among others, as the cross- and counterclaimed defendants. Appellants sought a declaratory judgment to quiet title to land lying contiguous to the Anderson property, alleging that their property was illegally subjected to lien pursuant to the Biddy survey and that as a result of that erroneous survey, their property was illegally converted and commingled with the Anderson property. Appellants also sought to prohibit the Anderson estate and Biddy from obstructing an access way to appellants’ property. The Perkins encroachment identified in the Biddy survey included a gate and access way from a public dirt road to the Perkins property. Appellants also sought a declaratory judgment and a mandatory injunction to stop the Anderson estate from flooding their property, requesting compensation for the flooding and removal of the water by construction of a 20-foot high cement wall along the submerged common boundaries of the properties.
The case proceeded to a bench trial. At trial, Joan Anderson, widow of H.C. Anderson, testified that the lake was established about 1968. In 1969, the dam that created the lake blew out and the level of water was reduced. In 1975, the dam was repaired and the water returned to its former level. Appellant Robert Perkins testified that he became aware of the flooding as early as 1975, but did not become aware of its source until 1979.
The trial court concluded that appellants had failed to show that the legal description contained in their deed reflected an accurate description of the disputed boundary between the Anderson and Perkins properties, and that the legal description derived from a survey that was not established to be correct. The court found the Biddy survey to be correct. Given the error in the legal description of the property, the court found appellants could not legally assert a claim for the disputed area between the properties by adverse possession under color of title. Because appellants *1356 had failed to show either substantial enclosure of the property or usual cultivation or improvement, their claim for adverse possession without color of title also was denied. The court declined to grant a prescriptive easement because appellants had not utilized the strip continuously for 20 years. The court denied appellants a common law way of necessity as there was no evidence that the Perkins and Anderson properties have unity of title. It also denied appellants a statutory way of necessity on grounds that other practicable routes exist giving them access to the nearest public highway, and found an absence of any agreement or acquiescence to the establishment of the fence as the boundary line. On the claim for flooding, the court found the action was untimely under section 733.705(3), Florida Statutes, and was therefore barred. The court also found that the claim was barred by laches because appellants first became aware of the flooding in 1979, more than five years before they asserted a claim against the Anderson estate. It found that appellants were not entitled to a mandatory injunction as they failed to show irreparable harm from the flooding, that they could not be made whole by an award of money damages, and that the balance of conveniences would not be disproportionately burdensome upon the Anderson estate.
We find that appellants are entitled under section 704.01(2), Florida Statutes, to a statutory way of necessity across the disputed area of land. Under section 704.-01(2), a statutory way of necessity exists when “any land or portion thereof ... which is being used or desired to be used as a dwelling or for agricultural or for timber raising ... shall be cut off or hemmed in by lands, fencing, or other improvements of other persons so that no practicable route of egress or ingress shall be available therefrom to the nearest practicable public road.” Testimony presented at trial established that, although a new road was built from a public highway to the northern boundary of appellants’ property, appellants do not have a legal and enforceable way over all of that road. Appellant Robert Perkins asserted that his access way to the northwestern boundary of his property was cut off after the Biddy survey established new boundaries between the Perkins and Anderson properties. Without that access way to their landlocked property, appellants do not have another practicable route to a public highway. Evidence at trial showed that appellants desire to use their property for timber raising, and were granted a county agricultural tax exemption upon a showing that they are growing trees on the property. Appellants also asserted that they desire to use a dwelling on the property and that they have made some improvements to that dwelling. Appellants therefore meet the requirements of section 704.01(2).
We have reviewed the several other points raised on appeal and find them to be without merit.
The order is accordingly reversed in part, affirmed in part, and the cause remanded for further consistent proceedings.
SMITH, C.J., and WILLIS, BEN C., Associate Judge, concur.