537 So.2d 132 (1988)
Robert M. PARHAM and Jo Ann Parham, Appellants,
v.
Erwin K. REDDICK and Marjorie Reddick, and Gerald McQuinney and Vicki McQuinney, Appellees.
No. 88-655.
District Court of Appeal of Florida, First District.
December 29, 1988.
*133 David O. McGovern, Law Offices of S. David Cox, Gainesville, for appellants.
James E. Clayton, of Clayton, Johnston, Quincey, Ireland, Felder, Gadd, Smith & Roundtree, Gainesville, for appellees.
JOANOS, Judge.
Appellants Robert M. and Jo Ann Parham (the Parhams) appeal a final summary judgment denying their action for damages in trespass. Appellees Erwin and Marjorie Reddick and Gerald and Vickie McQuinney appeal an order denying their motion for attorney's fees. The issues raised on appeal are (1) whether a statutory way of necessity exists where a common law way of necessity is already in existence, (2) whether the party claiming the statutory way of necessity bears the burden to establish that a common law way of necessity exists, (3) whether a party seeking a way of necessity may elect one of various alternative routes, and (4) whether denial of damages for trespass is an implicit recognition of the existence of a statutory way of necessity. The issue on cross-appeal is whether the action in trespass is so lacking in merit that appellees are entitled to an award of attorney's fees pursuant to section 57.105, Florida Statutes. We affirm in part, and reverse in part.
This case involves a dispute between adjacent landowners concerning a way of necessity from appellees' property across appellants' property to a public road. On March 6, 1988, the Parhams filed their second amended complaint seeking: Count I  compensatory and punitive damages based on allegations of trespass and trespass after notice, Count II  compensatory and exemplary damages based on allegations of intentional infliction of emotional distress, and Count III  a temporary injunction and nominal damages based on allegations that the damages caused by the McQuinneys' acts are difficult or impossible to ascertain, and if allowed to continue could cause irreparable injury by resulting in a prescriptive easement on the Parhams' property.
The Parhams acquired their property on January 4, 1968, and on July 2, 1971, respectively. On May 25, 1983, the McQuinneys purchased the Reddick property, a one-acre parcel east and adjacent to the Parham parcel. The property of Franklin Crates, Inc., also borders the McQuinney lot on the north and the east.
As affirmative defenses, the Reddicks and McQuinneys, appellees, asserted establishment of a prescriptive easement based on more than 20 years use, estoppel, and way of necessity. In addition, appellees counterclaimed for attorney's fees and costs, on grounds that the Parhams' allegations were without foundation and void of any justiciable controversy.
Prior to entry of the final judgment which occasioned this appeal, the trial court granted appellees' motion to strike the Count II allegations of the complaint dealing with intentional infliction of emotional distress. Thereafter, the Parhams filed a second amended complaint, to which appellees responded with an answer, a counterclaim *134 for attorney's fees, a motion for partial summary judgment (which was denied), an amended answer to the second amended complaint, a second motion for summary judgment together with affidavits and supporting documents. In their second motion for summary final judgment, appellees asserted entitlement to summary judgment "because a statutory way of necessity exclusive of any common law right relieving them of trespass and damages is provided to them by Section 704.01(2) of the Florida Statutes."
The trial court granted appellees' second motion for summary final judgment, reasoning that 
It is clear from the undisputed facts that it is absolutely necessary for the Defendant to cross property belonging to others in order to get to the Defendant's mobile home site, and that the Defendants have no legal right of way across such property. This necessity precludes damages for trespass.
Thereafter, the trial court denied the Parhams' motion for rehearing, and appellees' motion for attorney's fees.
The provisions concerning implied easements are set forth in section 704.01, Florida Statutes, which states:
704.01 Common-law and statutory easements defined and determined. 
(1) IMPLIED GRANT OF WAY OF NECESSITY.  The common-law rule of an implied grant of a way of necessity is hereby recognized, specifically adopted, and clarified. Such an implied grant exists where a person has heretofore granted or hereafter grants land to which there is no accessible right-of-way except over his land, or has heretofore retained or hereafter retains land which is inaccessible except over the land which he conveys. In such instances a right-of-way is presumed to have been granted or reserved. Such an implied grant or easement in lands or estates exists where there is no other reasonable and practicable way of egress, or ingress and same is reasonably necessary for the beneficial use or enjoyment of the part granted or reserved. An implied grant arises only where a unity of title exists from a common source other than the original grant from the state or United States; provided, however, that where there is a common source of title subsequent to the original grant from the state or United States, the right of the dominant tenement shall not be terminated if title of either the dominant or servient tenement has been or should be transferred for nonpayment of taxes either by foreclosure, reversion, or otherwise.
(2) STATUTORY WAY OF NECESSITY EXCLUSIVE OF COMMON-LAW RIGHT.  Based on public policy, convenience, and necessity, a statutory way of necessity exclusive of any common-law right exists when any land or portion thereof outside any municipality which is being used or desired to be used as a dwelling or for agricultural or for timber raising or cutting or stockraising purposes shall be shut off or hemmed in by lands, fencing, or other improvements of other persons so that no practicable route of egress or ingress shall be available therefrom to the nearest practicable public or private road. The owner or tenant thereof, or anyone in their behalf, lawfully may use and maintain an easement for persons, vehicles, stock, and electricity and telephone service over and upon the lands which lie between the said shut-off or hemmed-in lands and such public or private road by means of the nearest practical route, considering the use to which said lands are being put; and the use thereof, as aforesaid, shall not constitute a trespass; nor shall the party thus using the same be liable in damages for the use thereof; provided that such easement shall be used only in an orderly and proper manner.
With regard to the first issue raised in this appeal, the principle is well settled that a statutory way of necessity comes into existence only if no other access exists by common law implication. Ganey v. Byrd, 383 So.2d 652 (Fla. 1st DCA 1980); Reyes v. Perez, 284 So.2d 493, 495 (Fla. 4th DCA 1973). See also Perkins v. Anderson, 518 So.2d 1354 (Fla. 1st DCA 1988). In other words, where an implied *135 common law way of necessity exists, the subsection (2) statutory way of necessity does not exist, because the purportedly landlocked lands are not, in fact, hemmed in. Reyes v. Perez, 284 So.2d at 495; Van Doren, Florida Real Property Law, § 11-13 (1984).
Furthermore, easements created by necessity have the implied purpose to make possible the use of the dominant land, and therefore will terminate when the necessity for their existence disappears. Fox Investments v. Thomas, 431 So.2d 1021, 1022 (Fla. 2d DCA 1983). For example, a common law way of necessity will expire when the owner of the dominant estate acquires adjoining property which provides access to a public or private road. Id. By the same token, the fact that a landlocked owner once enjoyed a common law way of necessity which subsequently terminated, will not bar a statutory way of necessity to the same landlocked owner in appropriate circumstances. Id., at 1022-1023.
With regard to the second issue, clearly, one who seeks "to establish a way of necessity, whether in regard to an implied grant or statutory way, has the burden of proof to establish that he or she has no practicable route of ingress or egress." Moran v. Brawner, 519 So.2d 1131, 1133 (Fla. 5th DCA 1988), review denied, 528 So.2d 1182 (Fla. 1988). See also Faison v. Smith, 510 So.2d 928 (Fla. 5th DCA 1987); Reyes v. Perez, 284 So.2d 493, 495 (Fla. 4th DCA 1973). Such proof contemplates that the claimant will establish that a common law way of necessity is not available. For example, in Faison v. Smith, supra, the question on appeal was which party has the burden of proof in an action for a statutory way of necessity, to establish that no other express or implied easement exists. The Faison court cited Ganey v. Byrd, supra, in which this court held that a statutory way of necessity may be declared only if no other access exists by common law implication under § 704.01(1) or by express grant. Faison, 510 So.2d at 929. The court then quoted the following rationale regarding the two sections of 704.01, which is set forth in Reyes v. Perez, supra:
It is our fundamental outset reasoning, gained from the terms of the statute, that the two sections must be considered serially and that the existence of a common law easement as described in section (1) bars the establishment of a statutory easement under section (2). It is our view that the legislature in its wisdom provided for a statutory way of necessity to be applied where land would not qualify for the common law right.
284 So.2d at 495, quoted at 510 So.2d at 929. The Fifth District agreed with the reasoning of Reyes, and concluded that "the trial court erred in holding that the burden was on Faison to prove that Smith had a common law right of access." 510 So.2d at 929.
With regard to the third issue, i.e., a choice between various alternative access routes, it is well settled that a claimant to an easement by necessity "is not entitled to an option or an election as between several adequate means of access even though one means of access may be more convenient than another." Matthews v. Quarles, 504 So.2d 1246, 1248 (Fla. 1st DCA 1986). See also Moran v. Brawner, 519 So.2d at 1133; Dixon v. Feaster, 448 So.2d 554 (Fla. 5th DCA 1984); Roy v. Euro-Holland Vastgoed, 404 So.2d 410, 413 (Fla. 4th DCA 1981).
With regard to the availability of damages in a trespass action involving a way of necessity, the pertinent portion of section 704.01(2) states that an owner of a statutory way of necessity "lawfully may use and maintain an easement ...; and the use thereof, ... shall not constitute a trespass; nor shall the party thus using the same be liable in damages for the use thereof; provided, that such easement shall be used only in an orderly and proper manner." (Emphasis supplied.) Therefore, in the case of a statutory way of necessity, the only recourse available to the servient owner of an implied easement is a suit for compensation pursuant to section 704.04, *136 Florida Statutes.[1]Sapp v. General Development Corp., 472 So.2d 544, 546 (Fla. 2d DCA 1985). In Sapp, the court explained that the "portion of section 704.04 which provides that `[t]he easement shall date from the time the award is paid' refers only to the court-ordered easement rather than to the statutory way of necessity which existed all of the time." The court further observed that as a practical matter, "a landlocked owner always has either a common law way of necessity or a statutory way of necessity, depending upon the status of his title, even though the precise location may not be known." 472 So.2d at 546. Thus, while a servient owner is precluded from arbitrarily blocking a statutory way of necessity, such owner may register an objection to the further uncompensated use of the way. If the parties are unable to agree upon an appropriate compensation, either may obtain a judicial determination. 472 So.2d at 547.
The record in the instant case demonstrates that, as a practical matter, appellees, who are landlocked, have either a common law or a statutory way of necessity. In fact, appellees' situation meets all of the section 704.01(2) elements essential for a statutory way of necessity, save one  proof of the nonexistence of a common law way of necessity. Therefore, on this record, the trial court could not grant a statutory way of necessity, because no evidence was presented to show that a common law way of necessity is not available to appellees. Application of the Sapp rationale to the facts of this case further indicates that the way of necessity did not come into existence by virtue of a judicial determination. Rather, an implied easement exists due to the landlocked nature of the property. The precise nature of the easement depends upon the existence vel non of a common law way of necessity. Thus, a judicial determination is relevant with respect to determining the nature of the easement, which in turn implicates the matter of compensation to the servient owner. § 704.04, Fla. Stat. (1985).
In light of the foregoing, we find we must reverse the trial court's grant of final summary judgment. Although the record demonstrates that appellees require an easement for access to and enjoyment of their property, appellees are not entitled to summary judgment because they failed to prove that they have no common law right of access. However, we affirm the issue raised on cross appeal, since in the circumstances of this case, we do not consider that appellants' claim for damages for trespass is frivolous.
Accordingly, the trial court's order denying an award of attorney's fees pursuant to section 57.105 is affirmed; and the trial court's grant of final summary judgment is reversed and remanded for further proceedings.
WIGGINTON and NIMMONS, JJ., concur.
NOTES
[1] § 704.04, Fla. Stat. (1985), provides:

704.04 Judicial remedy and compensation to servient owner.  When the owner or owners of such lands across which a statutory way of necessity under s. 704.01(2) is claimed, exclusive of the common law right, objects or refuses to permit the use of such way under the conditions set forth herein or until he receives compensation therefor, either party or the board of county commissioners of such county may file suit in the circuit court of the county wherein the land is located in order to determine if the claim for said easement exists, and the amount of compensation to which said party is entitled for use of such easement. Where said easement is awarded to the owner of the dominant tenement, it shall be temporary and exist so long as such easement is reasonably necessary for the purposes stated herein. The court, in its discretion, shall determine all questions including the type, extent, and location of the easement and the amount of compensation, provided that if either of said parties so requests in his original pleadings, the amount of compensation may be determined by a jury trial. The easement shall date from the time the award is paid.