RYDER, Judge.
John J. Southford appeals the trial court’s final order denying him costs and attorney’s fees in Case No. 86-17570-15 (Hatton II), and awarding Catherine Hat-ton costs in Case No. 86-2707-15 (Hatton I). Southford raises three points on appeal: (1) that it was error for the court to deny him certain costs in Hatton II, (2) that it was error to award Hatton costs in Hat-ton I, one year after the final judgment, and (3) that the final order is improper in form because the order cross-referenced both cases. We reverse the denial of costs and attorney’s fees to Southford, and affirm the award of costs to Hatton. We find no merit in the last point.
Southford, individually, and as trustee of the John G. Hahn Revocable Living Trust, has been involved in two suits brought by Hatton. On January 5, 1988, the trial court entered an order, in favor of Hatton, in Hatton I, wherein it held that there was no undue influence regarding the change of beneficiary under the living trust, and that the trustee had acted correctly in protecting the assets of the trust. Furthermore, the court reserved jurisdiction to enter any further orders necessary to enforce the judgment.
After the final judgment was rendered in Hatton I, Hatton filed a second case, Hat-ton II, alleging that the trustee had failed to properly account for trust assets and that certain estate assets were assets of the trust. Southford filed a motion for summary judgment, and on February 9, 1989, the trial court granted Southford’s motion based on the doctrines of res judica-ta and collateral estoppel.
Pursuant to the ruling in Hatton II, Southford filed a motion to tax costs and attorney’s fees. The motion to tax costs included three cost items, which were for items used in support of his motion for summary judgment. On March 3, 1989, Hatton filed an objection to the motion for costs, and filed a motion to tax costs in Hatton I. The notice of hearing on the motion to tax costs cross-noticed both cases.
On April 17, 1989, the trial court entered an order denying Southford attorney’s fees, and certain cost items on the grounds that the items constituted discovery from Hatton I. The order also awarded Hatton costs incurred in Hatton I. Thereafter, Southford filed a notice of appeal that referenced both cases.
The trial court should have awarded Southford attorney’s fees in Hatton II, because he prevailed on his motion for summary judgment on the doctrines of res judi-cata and collateral estoppel. See § 57.105, *529 Fla.Stat. (1987).[1] Under the Florida Supreme court guidelines set forth in Reeser v. Boats Unlimited, Inc., 432 So.2d 1346 (Fla. 4th DCA 1983), the court should have awarded Southford costs for the items used to support his motion for summary judgment. Even though the items were transcribed from discovery proceedings in Hat-ton I, the costs for these items were not incurred until the need for them arose in Hatton II.
Next, Southford argues that Hat-ton’s motion for costs incurred in Hatton I should have been denied, because Hatton failed to file her motion within a reasonable time after the final judgment. A case-by-case analysis is necessary to determine a reasonable time. See Roberts v. Askew, 260 So.2d 492 (Fla.1972); Jeffcoat v. Heinecka, 436 So.2d 1042 (Fla. 2d DCA 1983). We hold that under the circumstances in this case, where there is ongoing activity to enforce the judgment, the motion to tax costs was filed within a reasonable time. There is no evidence that either party was dilatory in this matter.
Lastly, we find that the issue raised by point three is moot, because Southford filed a notice of appeal that referenced both case numbers. Therefore, we reverse the order denying Southford costs and attorney’s fees and remand to the trial court with instructions to award Southford reasonable attorney’s fees pursuant to section 57.-105(1), and to award him taxable costs pursuant to the Florida Supreme Court guidelines. Furthermore, we affirm the award of costs to Hatton.
Reversed in part, affirmed in part, and remanded with instructions.
SCHEB, A.C.J., and HALL, J., concur.

. Section 57.105(1), Florida Statutes (1984):
(1) The court shall award a reasonable attorney’s fee to be paid to the prevailing party in equal amounts by the losing party and the losing party’s attorney in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the complaint or defense of the losing party....