HAUSER, J.C., Associate Judge,
concurring specially.
Dr. Anderson has an easement on property owned by Mr. Oldham. In 1990 Mr. Oldham constructed a fence on said easement causing Dr. Anderson to file suit. Dr. Anderson prevailed and the 1990 final judgment stated that Dr. Anderson’s right of ... “ingress and egress to the property described therein (was) without limitation as to where plaintiff may enter or leave the property ...”
In 1991 Mr. Oldham filed a suit claiming that Dr. Anderson had misused the ingress-egress easement, had stored junk cars on his property and had used his property for commercial purposes. Mr. Oldham asked the trial court to terminate the easement. Significantly, he did not ask the court for the right to build a privacy fence. The trial court ruled in favor of Dr. Anderson and permitted him to continue using the easement, but denied Dr. Anderson’s request for attorney’s fees under section 57.105(1), Florida Statutes.
Had the learned trial judge stopped there the case would probably not have been appealed by Dr. Anderson. Unfortunately, trying to act as would Solomon, the trial judge ruled that Mr. Oldham could build a privacy fence along the easement so long as it did not unreasonably restrict Dr. Anderson’s access to the easement. Dr. Anderson appealed claiming that he was entitled to total access to the easément, based on the first judge’s order. We agree and reverse.
All the relief actually pled for and sought by Mr. Oldham was denied by the trial judge. The issue of egress and ingress had previously been decided in the former lawsuit, making the second lawsuit res judicata. Mr. Oldham admitted that it was a personal “hate type action.” Based on the record, the second lawsuit filed by *546 Mr. Oldham was frivolous both as to law and fact.[1] As a result, based on section 57.105(1), Florida Statutes, the trial court erred in not awarding attorney’s fees to Dr. Anderson at the trial level.

. Southford v. Hatton, 566 So.2d 527 (Fla. 2d DCA 1990) (if second suit is res judicata, prevailing party is entitled to attorney's fees under Florida Statute 57.105(1)). See also Kreager v. Glickman, 519 So.2d 666 (Fla. 4th DCA 1988); Ford v. Miller, 506 So.2d 464 (Fla. 2d DCA 1987).