QUINCE, Judge.
The appellees/cross-appellants, Joseph M. Potter, E. Gordon Potter and Leslie Conklin, seek review of the trial court’s order denying their motion for attorney’s fees pursuant to section 57.105, Florida Statutes (1991). We reverse because there was no justiciable issue of law or fact in the 1991 complaints filed by the appellants/cross-appellees.
This appeal is the latest in a series of lawsuits involving these parties dating back to 1989. The 1989 action in the circuit court was resolved by stipulation which was reduced to a final judgment. The appellants/cross-appellees filed a notice of appeal from this final judgment. Subsequent to the filing of the notice, they filed a petition for relief in the trial court and set the matter for hearing. The hearing was cancelled, and the motion was never reset. The Potters, two of the appellees/cross-appellants, filed a motion to quash the appeal and for imposition of sanctions. A notice of voluntary dismissal was filed by the appellants/cross-appellees. This court entered an order on January 11, 1990, dismissing the appeal, and on February 11, 1990, we granted the motion to impose sanctions. The case was remanded to the trial court for award of attorney’s fees to the Potters.
Appellants/cross-appellees filed a complaint in the circuit court on January 2,1991. A motion to dismiss was granted on June 7, 1991. Two amended complaints were subsequently filed and disposed of by summary judgment granted on motion of the appel-lees/cross-appellants. The complaints filed in this 1991 action involved the final judgment entered by the court in 1989 and the appeal issues which were voluntarily dismissed in 1990.
A notice of appeal was filed on October 12, 1992, from the granting of summary judgment; a notice of cross-appeal was filed on October 20, 1992, from that portion of the trial court’s judgment denying attorney’s fees. The appellees/cross-appellants moved to quash the main appeal and impose sanctions. That motion was granted by this court on November 4, 1993. Only the cross-appeal issue remains.
The original complaint filed in 1991, case no. 91-10-17, named as plaintiffs James R. Avery, as trustee, Sarah Olson as beneficiary of the trust by and through her next friend Charles W. Olson and Charles W. Olson, individually. This one count complaint alleged damages for breach of a settlement agreement. Joseph M. Potter and E. Gordon Potter were the named defendants. The defendants filed a motion to dismiss which was granted without prejudice to the filing of an amended complaint within twenty days. The amended complaint was also a single count alleging breach of the settlement agreement. An answer and various motions, including a motion for summary judgment, were filed by the defendants. The plaintiffs also filed several motions including, inter alia, a motion to intervene on behalf of Charles Olson[1] and a motion to add Leslie Conklin as a party defendant. On February 4, 1992, the trial court granted the motion to intervene and the motion to add Conklin as a party but denied without prejudice the motion for summary judgment.
Thereafter, on February 25, 1992, the trial court granted defendants Potters’ motion for summary judgment against plaintiff Sarah Olson and dismissed her first amended complaint with prejudice. The court on April 1, 1992, granted Sarah Olson’s motion for rehearing by vacating the summary judgment without prejudice to the filing of a renewed motion by the defendants.
On March 5, 1992, the plaintiffs, Sarah and Charles Olson, filed a second amended complaint adding Leslie Conklin as a defendant *637 and alleging in a second count that Conklin changed the wording of the final judgment. All of the defendants filed an answer and affirmative defenses, a request for judicial notice, and a separate motion for judgment on the pleadings on March 20, 1992. One affirmative defense was based on res judica-ta.
After numerous pretrial motions, the defendants filed a renewed motion for summary-judgment and renewed motion for judgment on the pleadings on May 20, 1992. The trial court on August 20, 1992, granted the defendants’ renewed motion for summary judgment but denied their claim for attorney’s fees pursuant to section 57.105, Florida Statutes (1991).
The numerous pleadings in this case, including the judicially noticed pleadings from the 1989 case between these parties, clearly demonstrate the two counts in the second amended complaint are issues that were raised by the appellants/cross-appellees during the postjudgment proceedings in 1989. After the final judgment was entered on August 14, 1989, a notice of appeal was filed on October 12,1989, indicating the final judgment was not an accurate reflection of the agreement between the parties. Prior to filing the notice of appeal, counsel for the appellants/cross-appellees filed a petition for relief asking the court to enjoin the Potters from selling the property for $123,000.00, an amount alleged to be below the fair market value. The second amended complaint in case no. 91-40-17 alleges both a breach of the agreement for selling the property for $123,000.00 and errors and omissions in reducing the stipulation to final judgment.
The appellants/eross-appellees were attempting in the 1991 case to relitigate the same issues determined in the prior proceedings. By so doing they did not plead any justiciable issue of law or fact. O’Brien v. Brickell Townhouse, Inc., 457 So.2d 1123 (Fla. 3d DCA 1984). Section 57.105 provides for the award of a reasonable attorney’s fee to the prevailing party in any civil action where there is no justiciable issue of either law or fact raised by either the complaint or defense of the losing parties. The trial court should have awarded attorney’s fees to the appellees/cross-appellants since they prevailed on the motion for summary judgment on the doctrine of res judicata. Southford v. Hatton, 566 So.2d 527 (Fla. 2d DCA 1990).
The trial court’s order denying attorney’s fees is reversed. This cause is remanded for determination of the amount of fees to be awarded pursuant to section 57.105.
FRANK, C.J., and PARKER, J., concur.

. Sarah Olson had reached her majority prior to the filing of the complaint and had the capacity to sue in her own right.