62 So.2d 350 (1952)
SOUTH DADE FARMS, Inc.
v.
B. & L. FARMS CO.
Supreme Court of Florida, en Banc.
December 19, 1952.
J.M. Flowers, Miami, for appellant.
Hendricks & Hendricks, Miami, for appellee.
THOMAS, Justice.
The appellee sought and was awarded a permanent injunction restraining the appellant from interfering with the ingress and egress of the appellee over a certain road which we will presently describe.
From the stipulated facts it appears that the appellee while a tenant of appellant was allowed to use appellant's private roads. At the time of suit appellee had become the equitable owner of land adjacent to the lands of appellant. The road which appellee now wishes to coerce the appellant to allow him to use is one of the same "private roads" situated on the appellant's land. There are no other existing roads leading from appellee's land to the highway, although property for roads has been dedicated by the appellant, and actually conveyed by it to the county, for road purposes, and when the ways are improved on these sites the appellee will have "access from [its] * * * lands to actually existing public roads leading to all other public roads in Dade County, Florida." Also the appellee has common-law easements over the adjacent lands of two other owners that would afford access to highways if the road beds were made passable.
The facts, to summarize, seem simple. Claiming to be hemmed in, an adjoining owner claims the right to use his neighbor's private road because common-law *351 easements and dedicated road sites are not usable.
Sole basis for the relief and for the final decree is Section 704.01, Florida Statutes 1951, and F.S.A. It provides that "When any land which is being used [for certain purposes] shall be shut off or hemmed in by lands, fencing or other improvements of other persons, so that no practicable route * * * shall be available therefrom to the nearest practicable public or private road, it shall be lawful for the owner * * * to use * * * an easement over * * * the lands which lie between the * * * shut-off * * * lands and such public or private road * * *."
As applied to this case the question is the propriety of ordering appellant not to interfere with the use of appellant's own roads by appellee simply because dedicated sites and common-law easements are not "practicable," not being improved.
We said in Guess v. Azar, 57 So.2d 443, 444, that to "secure a way of necessity there must be unity of title from some source other than the State" and recognized the reason for the exception, namely, that the state provides for establishment and maintenance of roads of sufficient number to meet the citizen's wants. That was the latest and perhaps the only adjudication of the statute by this court. We expressly stated that the constitutionality of the act was not presented or, therefore, decided. The use there involved was not one mentioned in the law.
In the instant case we come face to face with the problem whether appellant's property, which we construe such use of it to be, may be given to appellee without running afoul of Section 12 of the Declaration of Rights of the Constitution of Florida, F.S.A., and the Fourteenth Amendment of the Constitution of the United States.
We are of the confirmed view that such is the effect of the chancellor's order. If the use by a town of part of driveway owned by a railroad company for erection of a public hack stand, Delaware, L. & W.R.R. Co. v. Town of Morristown, 276 U.S. 182, 48 S.Ct. 276, 72 L.Ed. 523, would amount to taking property without just compensation, certainly it seems to us a requirement that a person be coerced to permit another to use a privately owned road, as in this case, would constitute a deprivation.
Of course, in this instance the taking would have no semblance even of basis in the police power. It is purely a matter of taking from one private owner for the use of another private owner.
When the state attempted, by the statute, to accomplish what would result were the present order enforced, its act constituted a violation of the provision that no state shall "deprive any person of * * * property, without due process of law * * *." Also the Florida constitutional provisions found in the Declaration of Rights that a person shall not "be deprived of * * * property without due process of law * * *" would be violated, not to mention the provision that private property shall not be "taken without just compensation."
Chary as we are of declaring acts unconstitutional and continuing our caution to confine such determinations to facts of individual cases, we now hold that the application of the statute to the circumstances here would constitute exercise of a power in contravention of the constitutional guaranties we have quoted.
The decree is reversed with directions to dismiss the bill.
Reversed.
SEBRING, C.J., and TERRELL, HOBSON, MATHEWS and DREW, JJ., concur.
ROBERTS, J., not participating.