PER CURIAM.
Appellants complain that the trial court erred in awarding the appellees a statutory way of necessity pursuant to Section 704.-01(2), Florida Statutes (1977)[1] across their land. They further urge that the definition of the word “practicable” in Section 704.03, Florida Statutes (1977),[2] when applied to the facts of this case, is arbitrary, unreasonable and violates their constitutional right to due process and equal protection of the laws. We affirm.
The evidence in the record supports the trial court’s determination that appel-lees are hemmed in within the meaning of Sections 704.01(2) and 704.03 because they are not afforded any practicable route of ingress and egress to the nearest practicable public or private road without the use of bridges, embankments, or substantial fill. With respect to appellants’ contention that appellees’ lots border on easements that do give access to public roads, there was ample testimony in the record that the easement on the west runs adjacent to Pigeon Creek and crosses over property which is mud and muck and that the easement on the east crosses over rough terrain, a pond area, and more mud and muck. Further, we would note that before making his ruling the trial court actually viewed the property.
Appellants’ argument concerning Section 704.03 centers around their contention that this case is indistinguishable from South Dade Farms v. B & L Farms, 62 So.2d 350 (Fla.1952), which considered the propriety of allowing an adjoining landowner to use his neighbor’s private roads because the dedicated sites and common-law easements were not “practicable,” not being improved, and held that Section 704.01 was unconstitutional as it violated the prohibition against taking private property without just compensation. However, we note that the constitutionality of Section 704.01 was upheld in Deseret Ranches of Florida, Inc. v. Bowman, 349 So.2d 155 (Fla.1977), which found that the objections raised in South Dade Farms were cured by the enactment of Section 704.04 providing for compensation to the servient owner. Although we view the dissent by Justice Sundberg in Deseret as well-reasoned, we are bound to follow the precedent of the majority of the Supreme Court in Deseret. Hoffman v. Jones, 280 So.2d 431 (Fla.1973). With respect to appellants’ argument regarding the application of Section 704.03 to this case, we note the expert road builder testified that it would take 11,666 cubic yards and several culverts before a road could be built along the route proposed by appellants. One neighbor who has lived in the area in question for forty years testified that “it would take half the dirt in Nassau County” to fill the area in where appellants argued the proposed road could go. Therefore we cannot agree that Section 704.03 has been arbitrarily and unreasonably applied to the facts of this case. The remainder of appellants’ argument under this point is without merit.
Accordingly, the final judgment appealed is affirmed.
MILLS, C. J., and LARRY G. SMITH and SHIVERS, JJ., concur.

. (2) STATUTORY WAY OF NECESSITY EXCLUSIVE OF COMMON LAW RIGHT. — Based on public policy, convenience, and necessity, a statutory way of necessity exclusive of any common law right exists when any land or portion thereof outside any municipality which is being used or desired to be used as a dwelling or for agricultural or for timber raising or cutting or stockraising purposes shall be shut off or hemmed in by lands, fencing, or other improvements of other persons so that no practicable route of egress or ingress shall be available therefrom to the nearest practicable public or private road. The owner or tenant thereof, or anyone in their behalf, lawfully may use and maintain an easement for persons, vehicles, stock, and electricity and telephone service over and upon the lands which lie between the said shut-off or hemmed-in lands and such public or private road by means of the nearest practical route, considering the use to which said lands are being put; and the use thereof, as aforesaid, shall not constitute a trespass; nor shall the party thus using the same be liable in damages for the use thereof; provided that such easement shall be used only in an orderly and proper manner.

. 704.03 “Practicable” defined. — For the purposes of this chapter the word “practicable,” as used in s. 704.01, shall be held and construed to mean “without the use of bridge, ferry, turnpike road, embankment, or substantial fill.”