402 So.2d 597 (1981)
SOUTH FLORIDA WATER MANAGEMENT DISTRICT, a Public Corporation, Appellant,
v.
John LAYTON, Appellee.
No. 80-2173.
District Court of Appeal of Florida, Second District.
August 26, 1981.
Irene Kennedy Quincey, West Palm Beach, for appellant.
Harold N. Hume, Jr., of Allen, Knudsen, Swartz, DeBoest, Rhoads & Edwards, Fort Myers, for appellee.
BOARDMAN, Acting Chief Judge.
South Florida Water Management District, a defendant below, appeals a final judgment awarding plaintiff/appellee John Layton a statutory way of necessity across its land. We affirm.
Appellee filed a complaint against appellant and Barney Joe Barron alleging that there was no public road into his Hendry County property and demanding a statutory way of necessity across the property of one of the defendants. Appellant moved to dismiss the complaint on the grounds that (1) appellee's proposed easement crossed easements belonging to the U.S. Army Corps of Engineers, so the Corps was an indispensable party, which had not been joined; (2) section 704.01(2), Florida Statutes does not grant relief against a state agency; and (3) the facts alleged did not demonstrate that appellee's proposed route over its property was the most practical means of ingress and egress. The trial court denied the motion to dismiss.
Appellee then filed an amendment to his complaint adding three more counts, each alleging a different "nearest practicable public or private access road" to his property across appellant's property. Appellant filed an answer and counterclaim concerning a matter immaterial to our decision here.
*598 A bench trial ensued, after which the trial court entered final judgment awarding appellee a statutory way of necessity across appellant's land and finding in favor of appellee and against appellant on appellant's counterclaim. This appeal followed timely.
We find no error on any of the points raised by appellant. However, because the question of whether a cause of action exists against the state or an agency thereof for a statutory way of necessity is an issue of first impression in Florida, we feel this question merits discussion.
Section 704.01 provides for a statutory way of necessity. Subsection (2) of that statute provides:
Based on public policy, convenience, and necessity, a statutory way of necessity exclusive of any common law right exists when any land or portion thereof outside any municipality which is being used or desired to be used as a dwelling or for agricultural or for timber raising or cutting or stockraising purposes shall be shut off or hemmed in by lands, fencing, or other improvements of other persons so that no practicable route of egress or ingress shall be available therefrom to the nearest practicable public or private road. The owner or tenant thereof, or anyone in their behalf, lawfully may use and maintain an easement for persons, vehicles, stock, and electricity and telephone service over and upon the lands which lie between the said shut-off or hemmed-in lands and such public or private road by means of the nearest practical route, considering the use to which said lands are being put; and the use thereof, as aforesaid, shall not constitute a trespass; nor shall the party thus using the same be liable in damages for the use thereof; provided that such easement shall be used only in an orderly and proper manner.
Appellant contends that section 704.01 does not apply to it because it is not a "person" within the intendment of the statute and sovereign immunity has consequently not been waived. Chapter 704 does not define the word "person." Consequently, appellant urges, chapter 1, which contains definitions for construction of all statutes where context permits, is therefore applicable. "Person" is defined in section 1.01(3) to include "individuals, children, firms, associations, joint adventures, partnerships, estates, trusts, business trusts, syndicates, fiduciaries, corporations, and all other groups or combinations." A separate definition exists for "public body," "body politic," or "political subdivision," which are defined as including: "counties, cities, towns, villages, special tax school districts, special roads and bridge districts, bridge districts and all other districts in this state." Thus, for purposes of chapter 704, appellant concludes, a special district is not a "person." We disagree. Under the express provisions of section 1.01, the definitions contained therein apply only where the context permits. Had section 704.01 made a distinction between "persons" and "public bodies," "bodies politic," or "political subdivisions," we would agree with appellant. However, section 704.01 makes no such distinction, and we see no basis for necessarily assuming the legislature intended one here. For the reasons set forth below, we conclude that the legislature intended to include the state and its agencies within the meaning of "persons" as used in section 704.01.
The legislature has declared as a matter of public policy that access should be provided to hemmed-in lands. As stated in Deseret Ranches of Florida, Inc. v. Bowman, 349 So.2d 155 (Fla. 1977):
We take notice that Florida grows in population at one of the fastest rates of any state in the nation. Useful land becomes more scarce in proportion to population increase, and the problem in this state becomes greater as tourism, commerce and the need for housing and agricultural goods grow. By its application to shut-off lands to be used for housing, agriculture, timber production and stock-raising, the statute is designed to fill these needs. There is then a clear public purpose in providing means of access to *599 such lands so that they might be utilized in the enumerated ways.
Id. at 156-157.
If no cause of action against the state lies under section 704.01(2), then the public policy purposes of providing such access to land would be totally frustrated and defeated if any private property were surrounded by state land.
In Warwick v. Pearl River Valley Water Supply District, 246 So.2d 525 (Miss. 1971), Mississippi, which also recognizes the doctrine of sovereign immunity, had a similar statute authorizing a way of necessity over lands "of another." The court held that Mississippi's statute and cases
amply proclaim that the property owner is entitled as a matter of right and public policy to its full enjoyment and that the state will lend its arm to establish by implication of law a right of ingress and egress where none exists in order to accomplish this purpose... .
... .
We are of the opinion that the legislature did not intend in creating the Pearl River Valley Water Supply District to establish a state agency with authority to deprive a citizen of the enjoyment of his property unless the same was necessary to accomplish some lawful purpose of the Act. The record before us discloses no logical reason for depriving Warwick of a means of access to his property.
Id. at 529. Similarly, we do not believe that our legislature, in creating appellant, intended to permit the deprivation of a citizen's enjoyment of his property absent some necessity therefor within the scope of the purposes of Chapter 373, Florida Statutes; appellant points to no case law in support of such an interpretation, and our own research has revealed none.
Accordingly, the final judgment appealed was AFFIRMED.
GRIMES and RYDER, JJ., concur.