516 So.2d 17 (1987)
BLUE WATER CORP., Appellant,
v.
Julio HECHAVARRIA, Appellee.
No. 87-265.
District Court of Appeal of Florida, Third District.
November 10, 1987.
Rehearing Denied December 21, 1987.
Mendez & Mendez and Sergio L. Mendez, Miami, for appellant.
Murphy & Parente and Joseph H. Murphy, Jr., Coral Gables, for appellee.
*18 Before HENDRY, FERGUSON and JORGENSON,[*] JJ.
PER CURIAM.
Blue Water Corp. appeals from an order of the trial court granting final summary judgment in favor of Julio Hechavarria. We affirm.
Blue Water owned since 1980 a waterfront tract of land within the city which it used as a base for its commercial fishing operation. The only practical access to a public roadway from Blue Water's property was either across land owned by its neighbor Hechavarria or over the approach railing of a Department of Transportation bridge. The latter route would require removal of a section of the bridge railing. After Hechavarria and the Department of Transportation rejected Blue Water's request for passage across their properties, Blue Water institiated suit against Hechavarria and the Department of Transportation for a statutory way of necessity pursuant to section 704.01(2), Florida Statutes (1985), which provides:
Based on public policy, convenience, and necessity, a statutory way of necessity ... exists when any land or portion thereof outside any municipality which is being used or desired to be used as a dwelling or for agricultural or for timber raising or cutting or stockraising purposes shall be shut off or hemmed in by lands, fencing or other improvements of other persons so that no practicable route of ingress or egress shall be available therefrom to the nearest practicable public or private road. (Emphasis added.)
Summary judgment was entered for Hechavarria. We affirm based upon our finding that the unambiguous statute affords Blue Water no relief because the subject land (1) is within a municipality and (2) is not used as a dwelling, for agricultural, timber raising or cutting, or stockraising purposes.
We reject Blue Water's argument that the statute should be read to encompass more categories than are enumerated. A challenge to legislation on grounds that it is simply antiquated or unwise is not properly addressed to this court. Rose v. D'Alessandro, 380 So.2d 419 (Fla. 1980); Bingham v. Manson, 363 So.2d 370 (Fla. 1st DCA 1978).
Affirmed.
NOTES
[*] Judge Jorgenson participated in the decision but did not hear oral argument.