ON MOTION FOR CLARIFICATION

VAN NORTWICK, J.
The appellee’s motion for clarification is granted, our opinion filed on March 17, 2005 is hereby withdrawn, and the following opinion substituted therefor:
Shedrick Staten, as the personal representative of the Estate of Robert Taylor, appeals the trial court’s award to Celso M. Gonzalez-Falla, as trustee for the Gilman Article III Trust, of a statutory way of necessity across the Taylor property. Because the trial court did not restrict this easement to the uses which are permitted in section 704.01(2), Florida Statutes (2001), we reverse and remand.
Gonzalez-Falla filed a complaint against Staten, seeking a statutory way of necessity across the Taylor property and alleging that he sought to use his landlocked property for timber raising and cutting, for agricultural purposes, and for dwellings. Staten answered that he had permitted Gonzalez-Falla to use the road across his property, but that Gonzalez-Falla had created a nuisance on the Gilman property by leasing the Gilman property to a hunt club whose tenants are “loud and annoying at all hours- of the day and night and have used the property in an unsanitary and unhealthy manner.”
Section 704.01(2) permits a statutory way of necessity on the following grounds:
Based on public policy, convenience, and necessity, a statutory way of necessity exclusive of any common-law right exists when any land or portion thereof outside any municipality which is being used or desired to be used for a dwelling or dwellings or for agricultural or for timber raising or cutting or stockraising purposes shall be shut off or hemmed in by lands, fencing, or other improvements of other persons so that no practi *500 cable route of egress or ingress shall be available therefrom to the nearest practicable public or private road ...
Section 704.04, Florida Statutes (2001), provides for compensation to the servient owner and states in pertinent part, as follows:
Where said easement is awarded to the owner of the dominant tenement, it shall be in compliance with s.704.01(2) and shall exist so long as such easement is reasonably necessary for the purposes stated herein. The court, in its discretion, shall determine all questions, including the type, duration, extent, and location of the easement, the amount of compensation, and the attorney’s fees and costs to be awarded to either party for unreasonable refusal to comply with the provisions of s. 704.01(2) ...
After finding that the requirements of section 704.01(2) were met and that Gonzalez-Falla desired to use the Gilman land for timber raising and cutting purposes, the court awarded Gonzalez-Falla a statutory way of necessity and ordered him to pay Staten $500 for that easement. Appellant filed a motion for rehearing or new trial requesting the trial court to limit the use of the easement to the statutory purposes or, in the alternative, to specifically exclude hunters and those seeking access to the property through any hunting lease. The trial court denied the motion for rehearing. Appellant took a premature appeal. Staten v. Gonzalez-Falla, 855 So.2d 247 (Fla. 1st DCA 2003). After the trial court entered a further order determining the legal description of the easement, Staten brought this appeal.
While the circuit court has the discretion to determine the “type, extent, duration and location of the easement,” the circuit court does not have the discretion to grant an easement under section 704.01(2) except to provide access to the landlocked property for the uses expressly provided in section 704.01(2). When section 704.01(2) and section 704.04 are read in pari materia, it is clear that the legislature has permitted a statutory way of necessity to allow the dominant tenement to be used only for those purposes which are set forth in section 704.01(2), specifically “for a dwelling or dwellings or for agricultural or for timber raising or cutting or stockraising purposes.” If the landlocked property is to be used for a purpose other than the statutory purpose, a lawful easement or access must be obtained other than through section 704.01(2).
In Deseret Ranches of Florida, Inc. v. Bowman, 349 So.2d 155, 156-57 (Fla. 1977), in rejecting an argument that section 704.01(2) was unconstitutional on the ground that it permitted the taking of property for a private, rather than a public, purpose, the Florida Supreme Court explained as follows:
We agree with the reasoning in [Stein v. Darby, 126 So.2d 313 (Fla. 1st DCA 1961) ] and hold the statute constitutional under the present Constitution. The inverse of appellant’s contention is true: the statute’s purpose is predominantly public and the benefit to the private landholder is incidental to the public purpose. Although state public policy may have altered with respect to the methods of land use since 1961, sensible utilization of land continues to be one of our most important goals. We take notice that Florida grows in population at one of the fastest rates of any state in the nation. Useful land becomes more scarce in proportion to population increase, and the problem in this state becomes greater as tourism, commerce and the need for housing and agricultural goods grow. By its application to shut-off lands to be used for housing, agricultural, timber production and *501 stockraising, the statute is designed to fill those needs. There is then a dear public purpose in providing means of access to such lands so that they may be utilized in the enumerated ways. The statute therefore is in keeping with Article X, Section 6(a), Florida Constitution.
(Emphasis supplied). Thus, section 704.01(2) survives constitutional challenge because “it provides a lawful means by which to accomplish full utilization of the state’s natural resources, [and] their development in the ordinary channel of commerce and industry.” Stein v. Darby, 126 So.2d 313, 316 (Fla. 1st DCA 1961).
The Supreme Court revisited the statute again in Blanton v. City of Pinellas Park, 887 So.2d 1224 (Fla.2004), where the court held that the Marketable Record Title Act (MRTA) is inapplicable to statutory ways of necessity. The court' cited the above passage from Deseret Ranches, and reasoned as follows:
The fact that the Legislature has chosen to retain the statutory remedy indicates that the Legislature continues to believe that those enumerated uses of land in the unincorporated areas of the state still serve an important public purpose.
* * *
Holding that MRTA operates to extinguish a claim to a statutory way of necessity would, contrary to legislative intent, render these landlocked parcels unusable, either because the. landlocked owner is without a means of access to the parcel or is being asked to pay an exorbitant fee. To the extent that Blan-ton’s allegations set forth a claim for a statutory way of necessity, he is entitled to prove that claim.
Blanton, 887 So.2d at 1229. (Emphasis supplied). See also Guess v. Azar, 57 So.2d 443, 445 (Fla.1952)(the statutory way of necessity would permit “the appellants to cross the appellees’ lands only for reaching their homes or for transportation in connection with agriculture or stock raising,” but that the statutory easement could not be used for transportation of shell for commercial purposes); Hunt v. Smith, 137 So.2d 232, 233-34 (Fla. 2d DCA 1962)(“[T]he statutory way of necessity exists only when the lands are being used or desired to be used for the purposes specified in the statute.”); Blue Water Corp. v. Hechavarria, 516 So.2d 17 (Fla. 3d DCA 1987)(rejecting Blue Water’s argument that section 704.01(2) could be read to allow uses other than as stated therein, and holding that a statutory way of necessity would not be allowed for a commercial fishing operation, in part, because Blue Water’s land was not being used “as a dwelling, for agricultural, timber raising or cutting, or stocktaising purposes” as required by section 704.01(2)).
Accordingly, it was error for the trial court to fail to restrict the use of the easement across the Taylor property to the purposes specified in section 704.01(2).
REVERSED and REMANDED for further proceedings consistent with this opinion.
POLSTON and THOMAS, JJ„ concur.